UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDERICK R. CARR, | ) |
| | ) |
| Plaintiff | ) |
| | ) No. 3:15-0875 |
| v. | ) Senior Judge Nixon/Bryant |
| | ) **Jury Demand** |
| JOHN A. BEAM, Attorney at Law, | ) |
| EQUITUS LAW ALLIANCE, PLLC, | ) |
| | ) |
| Defendants | ) |

**TO: THE HONORABLE JOHN T. NIXON
SENIOR JUDGE**

### REPORT AND RECOMMENDATION

Three motions are currently pending in this case: Defendants' motion to dismiss (Docket Entry No. 9) to which Plaintiff has responded in opposition (Docket Entry No. 18); Plaintiff's motion to amend his complaint (Docket Entry No. 17) to which Defendants have responded in opposition (Docket Entry No. 20) and Plaintiff has filed a reply (Docket Entry No. 21); and Defendants' motion to ascertain status (Docket Entry No. 23).

For the reasons stated below, the undersigned Magistrate Judge recommends that Plaintiff's motion to amend his complaint be denied as futile, that Defendants' motion to dismiss be granted, that Defendants' motion to ascertain status be denied as moot, and that this case be dismissed with prejudice.

**STATEMENT OF THE CASE**

Plaintiff Frederick R. Carr, who is proceeding *pro se*, has filed this action against Defendant John A. Beam and his law firm, Equitus Law Alliance, PLLC, alleging that Defendants breached their contract to provide Plaintiff with competent legal representation is a lawsuit on an allegedly defaulted promissory note. Defendants in their motion to dismiss argue that Plaintiff's claims are barred by the one-year statute of limitations for legal malpractice claims codified in Tennessee Code Annotated § 28-3-104(a)(2).

Plaintiff Carr seeks to amend his complaint to add an additional claim for violation of the "Lawyer's Creed of Professionalism" of the Nashville Bar Association. Defendants oppose this motion for leave to amend on the ground of its futility.

**SUMMARY OF FACTS FROM THE COMPLAINT**

Plaintiff Carr in his original complaint alleges that he employed Defendant Beam, an attorney and member of Defendant law firm Equitus Law Alliance, PLLC, to represent Carr in negotiations that eventually led to Carr's acceptance of a promissory note made by Wise Industries, and in subsequent litigation after Wise defaulted in making required payments on the note. Plaintiff alleges that while the lawsuit to enforce the promissory note was

pending, Defendant Beam informed Carr that Beam wished to associate another attorney, Irene Haude, to assist with Carr's case.

Following unsuccessful settlement negotiations, Carr claims that a court hearing was held in August 2009 and that Defendant Beam failed to attend or participate. Instead, Beam delegated to attorney Haude the representation of Beam at this hearing. Carr asserts that Haude "had no plan to discuss any relevant facts in the case," and generally failed to provide Carr adequate legal representation. As a result, Carr asserts that the court "found in favor of Wise Industries." (Docket Entry No. 1 at 5). Although not expressly stated, the complaint clearly implies that the court's ruling at the foregoing hearing effectively precluded Carr from being able to collect on the defaulted promissory note. Carr asserts that Beam's representation in this matter, and in particular his failure to appear and participate at the foregoing court hearing, breached Beam's contract of employment with Carr.

As mentioned above, Carr's proposed amended complaint (Docket Entry No. 17-1) seeks to add an additional claim that Beam's conduct in his legal representation of Carr in this matter violated the provisions of the "Lawyer's Creed of Professionalism" of the Nashville Bar Association.

**ANALYSIS**

The statute of limitations in Tennessee for legal malpractice claims against attorneys is one year. Specifically, Tennessee Code Annotated § 28-3-104 provides in pertinent part as follows:

> **Personal Tort Actions.** (a) The following actions shall be commenced within one (1) year after the cause of action accrued:
> . . .
>
> (2) Actions and suits against attorneys or licensed public accountants or certified public accountants for malpractice, whether the actions are grounded or based in contact or tort.

In general, a legal malpractice cause of action is deemed to have accrued when (1) the plaintiff has suffered a legally cognizable injury as the result of defendant's negligence and (2) plaintiff knows or in the exercise of reasonable diligence should know that the injury was caused by defendant's negligence. *Carvell v. Bottoms*, 900 S.W.2d 23 (Tenn. 1995). Here, from the facts alleged in the complaint, the undersigned finds that Carr's cause of action accrued in August 2009 when Defendant Beam failed to attend and participate at the court hearing described in the complaint and, according to the allegations, the court ruled against Plaintiff Carr and in favor of Wise Industries. Carr obviously knew of this result on the date of the court's ruling in August 2009.

4

Thus, the one-year statute of limitation on Carr's claim against Defendants ran a year later in August 2010. Plaintiff's complaint in this case was not filed until August 11, 2015, approximately five years too late.

The undersigned further finds that Carr's proposed amended complaint does not alter this outcome. Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides a liberal standard favoring amended pleadings, one exception to this rule is that of futility. *Seals v. General Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). A proposed amendment is deemed to be futile when, if granted, it could not survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

Here, in his proposed amended complaint Carr seeks to add an additional claim that Beam violated provisions of the "Lawyer's Creed of Professionalism" of the Nashville Bar Association. This creed can be found online at the following web address: http://nashvillebar.org.s111190.gridserver.com/creed-of-professionalism/. Pursuant to Rule 201(b) of the Federal Rules of Evidence, the undersigned takes judicial notice of the following facts: (1) the Nashville Bar Association is a voluntary association of lawyers, and membership is not required as a condition of practicing law in Nashville or elsewhere; and (2) "The Lawyers

5

Creed of Professionalism" of the Nashville Bar Association is an inherently aspirational statement, and is not intended nor regarded by courts or others to be a legal standard by which the conduct of lawyers is judged. Even if it were considered as such a standard, however, this would not save Carr's claim from the bar of the one-year statute of limitations.

For the reasons stated above, the undersigned Magistrate Judge finds that Carr's claim in his original complaint is barred by the statute of limitations and that his proposed amended complaint, if allowed, would be futile to alter this outcome.

**RECOMMENDATION**

For the reasons stated above, the undersigned recommends that Plaintiff's motion for leave to amend his complaint (Docket Entry No. 17) be denied as futile, that Defendants' motion to dismiss (Docket Entry No. 9) be granted, that Defendants' motion to ascertain status (Docket Entry No. 23) be denied as moot, and that the complaint be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 15th day of August, 2016.

                                 /s/ John S. Bryant
                                 JOHN S. BRYANT
                                 United States Magistrate Judge