IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **FREDERICK R. CARR,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-cv-00875 |
| | ) | |
| v. | ) | **District Judge Nixon** |
| | ) | **Magistrate Judge Newbern** |
| **JOHN A. BEAM, Attorney at Law,** | ) | |
| **EQUITUS LAW ALLIANCE, PLLC,** | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff Frederick R. Carr's ("Plaintiff") Request for a Reconsideration of the Magistrate Judge's Report and Recommendation (Doc. No. 24) ("Motion"). (Doc. No. 31.) Upon review of this matter, the Court finds the Report and Recommendation to be well-founded and **ADOPTS** it in its entirety. Accordingly, the Court hereby **GRANTS** the Defendants John A. Beam and Equitus Law Alliance, PLLC's (collectively, "Defendants") Motion to Dismiss (Doc. No. 9) and **DENIES** Plaintiff's Motion to Amend the Complaint (Doc. No. 17). The Clerk of the Court is **DIRECTED** to close the case.

### I. BACKGROUND

*A. Facts*

On August 11, 2015, Plaintiff filed this breach of contract claim asserting that he hired Defendants to represent him in negotiations that eventually caused him to accept a promissory note made by Wise Industries ("Wise") and in unsuccessful 2007 litigation against Wise to enforce same. (Doc. No. 1, p. 3.) Specifically, Plaintiff alleged that, while the lawsuit was pending, Beam informed him that he wished to associate with another attorney, Irene Haude ("Haude"), to handle Plaintiff's case. (*Id.* at ¶ 5.) Plaintiff alleges that Beam failed to attend a

1

court hearing held in August 2009 and, instead, delegated the matter to Haude, who "had no plan to discuss any relevant facts in the case" and failed to adequately represent him. (*Id.* at ¶ 8.) In or around 2011, Plaintiff filed a complaint against Beam with the Tennessee Board of Professional Responsibility regarding same. (*Id.* at ¶ 9.) In his reply to that complaint, Beam stated that the reason he referred Plaintiff to Haude was because a few weeks before the court hearing, he discovered a potential conflict of interest involving Wise. (*Id.* at ¶ 10.)

### B. *Procedural Background*

Defendants filed a Motion to Dismiss claiming that Plaintiff's action is barred by the one-year statute of limitations in Tenn. Code Ann. § 28-3-104(a)(2)[1]. (Doc. No. 9.) Plaintiff filed a Response in Opposition, asserting that the statute of limitations violates his rights under the Equal Protection Clause of the Fourteenth Amendment because it places an unreasonable time limit and unreasonable conditions for filing a professional malpractice lawsuit upon non-resident. (Doc. No. 18.) Plaintiff also filed a Motion to Amend his Complaint to include an allegation that Defendants not only breached their professional contract with him but also breached the Nashville Bar Association's "Lawyer's Creed of Professionalism." (Doc. No. 17-1, pp. 4–6.) Defendants filed a Response in Opposition to Plaintiff's Motion to Amend (Doc. No. 20) claiming that it was futile, to which Plaintiff filed a Reply (Doc. No. 21).

The Court referred the case to Magistrate Judge Bryant for, among other things, a recommendation of the disposition of any pre-trial motions. (Doc. No. 4.) Accordingly, on August 15, 2016, Magistrate Judge Bryant issued a Report and Recommendation (the "Report") recommending that this Court grant Defendants' Motion to Dismiss (Doc. No. 9) and deny Plaintiff's Motion to Amend his Complaint (Doc. No. 17) and provided fourteen days in which either party could file an objection. (Doc. No. 24.) Plaintiff filed an Objection on August 23,

---

[1] Now Tenn. Code Ann. § 28-3-104(c)(1).

2016 (Doc. No. 31), to which Defendants responded (Doc. No. 32) and Plaintiff replied (Doc. No. 33).

II. STANDARD OF REVIEW

The standard for a district court's review of a magistrate judge's report and recommendation is contingent upon whether a party files an objection. *El-Amin v. Clarksville Police Dept.*, No. 3:12-cv-342, 2013 WL 1130876, at *3 (M. D. Tenn. Mar. 18, 2013). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 (advisory committee notes). Plaintiff's Objection did not address the Report's denial of his Motion to Amend. Accordingly, the Court merely reviews that portion of the Report for "clear error" and adopts it in its entirety.[2]

Where a party has timely filed objections, the district court must conduct a *de novo* review of the objected-to portions of the Magistrate's Report. Fed. R. Civ. P. 72(b); *El-Amin*, 2013 WL 1130876, at *3 (citing Rule 72(b)). The Rule states, in relevant part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Therefore, the Court reviews *de novo* those portions of the Report to which Plaintiff has made objections.

III. ANALYSIS

Plaintiff objects to the Magistrate Judge's recommendation that this Court grant Defendants' Motion to Dismiss. (Doc. No. 31.) In doing so, he essentially reiterates the two

---
[2] At any rate, such amendment would be moot in light of the statute of limitations posed by Tenn. Code Ann. § 28-3-104(c)(1).

arguments asserted in his previous motions but, for the first time and presumably to circumvent the statute of limitations contained in Tenn. Code Ann. § 28-3-104(c)(1), asserts that Defendants wrongfully concealed their professional malpractice. (*Id.* at pp. 1–3.)

Plaintiff claims that Defendants committed acts of wrongful concealment by only revealing a conflict of interest that caused Beam's absence at the 2009 proceeding in a letter to the Tennessee Board of Professional Responsibility ("TBPR"), after Plaintiff filed a professional complaint against Defendants on January 3, 2012. (*Id.* at p. 2.) Assuming, *arguendo*, that Defendants wrongfully concealed their legal malpractice from Plaintiff until they responded to his 2012 complaint before the TBPR, Plaintiff's claim is still time-barred. Plaintiff admits that he acquired the operative facts that are the basis of his present cause of action in 2012. (*Id.* at p. 3.) This was over three years before he filed the action before this Court on August 11, 2015. (Doc. No. 1.)

Plaintiff acknowledges that fraudulent concealment requires three elements, which includes "'failure of plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period[.]'" (Doc. No. 33 p. 3 (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 446 (6th Cir. 2012).) Because Plaintiff acquired the relevant operative facts within the limitations period, he cannot establish the three elements of fraudulent concealment. Without fraudulent concealment, Plaintiff cannot overcome the bar to his present claim posed by the one-year statute of limitations in Tenn. Code Ann. § 28-3-104(c)(1). Consequently, Plaintiff's Motion to Amend his Complaint is futile (Doc. No, 17), and Defendants' Motion to Dismiss (Doc. No. 9) must be granted.

## IV. CONCLUSION

Upon review of this matter, the Court finds the Report to be well-founded and **ADOPTS** it in its entirety. Accordingly, the Court hereby **DENIES** Plaintiff's Motion and **GRANTS** Defendants' Motion. The Clerk of the Court is **DIRECTED** to close the case.

It is so ORDERED.

_____
KEVIN H. SHARP, CHIEF JUDGE
UNITED STATES DISTRICT COURT